Ramírez Nazario, Juez Ponente
*964 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece ante nos la señora Teresa Delgado Ortiz (en adelante, la recurrente) y nos solicita la revisión de una Resolución emitida y notificada el 8 de diciembre de 2006 por la Autoridad de Energía Eléctrica (AEE o la Autoridad o la recurrida), y confirmada en reconsideración por el Oficial Examinador designado por dicha agencia, Lie. Angel F. Rossy García. Mediante dicha resolución, el Oficial Examinador desestimó la querella instada por la recurrente.
Examinadas las comparecencias de las partes, así como el derecho aplicable, procedemos a confirmar la resolución recurrida.
I
Los hechos del caso, en síntesis y en lo pertinente, son los siguientes. La recurrente comenzó a prestar servicios en la AEE el 8 de mayo de 2000 en el Servicio de Confianza, ocupando una plaza de Secretaria Confidencial Relevo en la Región de Caguas. Mientras se desempeñaba en dicha plaza, la AEE publicó el puesto 639-41M1-121, Secretaria Confidencial I en el Servicio de Carrera. Dicha plaza estaba adscrita a la Sección de Mediciones Eléctricas, Sección Técnica de Caguas. La recurrente solicitó competir por la misma y el 20 de agosto de 2000 le fue adjudicado el mencionado puesto de carrera.
Mientras tanto, al Ing. Raúl Burgos Santiago (Ing. Burgos), quien es esposo de la recurrente, se le había adjudicado desde el 28 de mayo de 2000 la plaza de Supervisor del Departamento de Ingeniería de Distribución, adscrita a la Oficina Técnica de Caguas. Esta plaza es la segunda de mayor gradación en la Oficina Técnica de Caguas, luego de aquella del Administrador Regional de Operaciones Técnicas. La plaza que pasó a ocupar la recurrente se encontraba bajo la línea de autoridad de su esposo, el Ing. Burgos, quién tenía la responsabilidad por la supervisión directa de la Sección de Mediciones Eléctricas.
En febrero de 2001 se designó al Ing. Luis Vázquez García (Ing. Vázquez) como Administrador Regional de Operaciones Técnicas en la Región de Caguas. Al asumir su nuevo cargo advino en conocimiento de que la recurrente ocupaba un puesto en una unidad que se encontraba bajo la supervisión directa de su esposo, el Ing. Burgos. Así las cosas, el Ing. Vázquez efectuó una consulta a la Oficina de Asuntos Laborales de la Autoridad, a quien solicitó una evaluación formal de esta situación.
*965 Sujeto al resultado de esta consulta, el Ing. Vázquez realizó unos movimientos de personal, con carácter temporero, enviando a la recurrente a la Sección de Construcción y Mejoras, la cual era dirigida por el Ing. Juan Carlos Reyes García y estaba fuera de la línea de autoridad de Ing. Burgos, su esposo. En esta Sección pasó a ocupar un puesto de Oficinista, que era de menor gradación y remuneración al ocupado por ella en propiedad. Asimismo, la señora Magda Medina (quien ocupaba este puesto de Oficinista) pasó a ocupar el puesto de la recurrente en la Oficina de Ingeniería y Distribución, Sección de Mediciones. Al efectuarse este movimiento provisional de personal no había plazas vacantes en la Región de Caguas de la naturaleza y equivalencia a la clase de puesto en propiedad ocupado por la recurrente. 
Efectuado el proceso de evaluación, se le informó al Ing. Vázquez que sí existía un conflicto de intereses, por la naturaleza del puesto, y se determinó llevar el caso a la atención del Director Ejecutivo de la Autoridad, a quien por disposición reglamentaria correspondía tomar la decisión de permitir, por excepción, la situación existente o solicitar acomodo razonable para la recurrente.
El 30 de agosto de 2002, el Director Ejecutivo de la AEE, ante la situación existente en lo atinente a los puestos ocupados por el Ing. Burgos y la recurrente, dispuso la reasignación de ésta, efectivo el 15 de septiembre de 2002, a la plaza 246-16M1-121, Secretaria Confidencial I, adscrita a la División de Planificación y Protección Ambiental en San Juan. Esto, por virtud y en acatamiento a lo dispuesto en la Sección 111.2 del Manual Administrativo de la AEE, que en lo pertinente dispone que “la Autoridad no autoriza que el cónyuge, los parientes dentro del cuarto grado de consanguinidad o segundo de afinidad laboren en un mismo departamento o en plazas que tengan estrecha relación enti'e sí. ”
No estando de acuerdo con la acción tomada por la AEE, la recurrente presentó una querella gerencial de apelación de reasignación ante dicha agencia el 4 de septiembre de 2002. Luego del trámite procesal correspondiente, la vista en su fondo se celebró el 14 de junio de 2006. Llamado el caso, las partes, luego de una reunión efectuada antes de dar inicio a la vista, convinieron e informaron una serie de estipulaciones que fueron acogidas por Oficial Examinador. En la vista en su fondo declararon el Ing. Vázquez, la recurrente y su esposo, el Ing. Burgos.
Así las cosas, el 8 de diciembre de 2006, el Oficial Examinador emitió la Resolución objeto de la presente solicitud de revisión. En la misma, el Oficial Examinador determinó que ante una situación de “claro conflicto potencial” en menoscabo de los mejores intereses de la AEE, la decisión del Director Ejecutivo de la AEE de reasignar a la recurrente en acomodo razonable a una plaza de igual gradación y remuneración tenía una base racional para sostenerse y resulta razonable. En consecuencia, el Oficial Examinador decretó la desestimación y archivo de la querella instada por la recurrente.
Inconforme, el 28 de diciembre de 2006, la recurrente presentó una solicitud de reconsideración. Mediante una Orden emitida el 3 de enero de 2007, el Oficial Examinador declaró no ha lugar la solicitud de reconsideración de la recurrente.
Habiendo agotado los remedios administrativos, acude ante nos la recurrente mediante la presente solicitud de revisión, presentada el 31 de enero de 2007. En la misma, la recurrente aduce la comisión de los siguientes errores:

“Primer Error:

Erró el Oficial al desestimar la querella bajo el fundamento de que la Autoridad de Energía Eléctrica había hecho un acomodo razonable en el puesto de la querellante bajo las disposiciones de la Ley 10, del 20 de diciembre de 1991, 29 L.P.R.A. Sección 146, cuando no se desfiló prueba que existía un claro conflicto de funciones por razón del vínculo matrimonial entre la plaza ocupada por la querellante y la plaza ocupada por su 
*966
esposo, que sustancialmente afectara adversamente el funcionamiento de dicha empresa.

Segundo Error:

Erró el Oficial examinador al no darle mérito al hecho que a la querellante, la propia Autoridad le había adjudicado la plaza en controversia en el lugar donde se alega que hay conflicto y que luego de ser impugnado dicho nombramiento, el Oficial Examinador José Roberto Feijoó determinó mediante Resolución en el caso QG-00-472, que no se había probado tal conflicto.

Tercer Error:

Erró el Oficial Examinador al resolver como cuestión de derecho que había un evidente conflicto potencial entre las plazas ocupadas por la querellante en la Región de Caguas con la ocupada por su esposo en dicha región, cuando la carta del Director Ejecutivo y la prueba defilada [sic] no sostiene dicho conflicto, ni la ley exige que se demuestre un potencial conflicto, sino un claro conflicto para que se proceda a remover al empleado y hacer un ajuste o acomodo razonable en las funciones del empleado. ”

Mediante Resolución que emitiéramos el 12 de febrero de 2007 concedimos a la AEE un término de 30 días para presentar su alegato en oposición. Luego de varias prórrogas para ello, la recurrida compareció ante nos mediante Oposición a la expedición del recurso de revisión el 19 de junio de 2007. Con el beneficio de ambas comparecencias, y estando en posición de resolver, procedemos a así hacerlo.
II
Es principio cardinal que como tribunal revisor le debemos deferencia a las decisiones de las agencias administrativas. Oficina Procuradora Paciente v. Aseguradora MCS, IPA 603, 2004 J.T.S. 160.
La norma de revisión de determinaciones administrativas que promulga deferencia judicial a éstas a base de la especialización no nos obliga a soslayar o rendir nuestra función revisora cuando la decisión administrativa no está sustentada por evidencia sustancial en el récord o cuando son irrazonables o contrarias a derecho. Autoridad de Energía Eléctrica v. Maxon Engineering Services, Inc., 2004 J.T.S. 199; Pacheco Torres v. Estancias de Yauco, 160 D.P.R. 409 (2003); Asociación de Vecinos v. United Medical Corp., 150 D.P.R. 70 (2000); RBR Construction, S.E. v. Autoridad de Carreteras y Transportación de Puerto Rico, 149 D.P.R. 836 (1999); Metropolitana S.E. v. A.R.P.E., 138 D.P.R. 200 (1995).
En Otero Mercado v. Toyota de Puerto Rico, 2005 J.T.S. 13, el Tribunal Supremo reiteró que las decisiones de los organismos administrativos merecen la mayor deferencia judicial por el conocimiento experto y la experiencia especializada de los asuntos que les son encomendados. Al revisar una decisión administrativa, el criterio rector será la razonabilidad en la actuación de la agencia. Conforme al criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo, “si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad”. Otero Mercado v. Toyota de Puerto Rico, supra; Pacheco Torres v. Estancias de Yauco, supra; Metropolitana, S.E. v. A.R.P.E., supra; Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior, 133 D.P.R. 521, 532 (1993); Domínguez Talavera v. Caguas Expressway Motors, Inc., 148 D.P.R. 387, 397 (1991). Reiteró, además, que evidencia sustancial es “aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión”. Otero Mercado v. Toyota de Puerto Rico, supra; Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953); Misión Ind. de P.R. v. J.P., 146 D.P.R. 64, 131.
Además, el Tribunal Supremo, en Otero Mercado v. Toyota de Puerto Rico, supra, le impone a la parte que impugne una determinación de una agencia el peso de convencer al tribunal de que la evidencia en la cual se *967 apoyó la agencia para formular tales determinaciones no es sustancial. Dispuso que la parte que impugne:

“Debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración... ”. Otero Mercado v. Toyota de Puerto Rico, supra.

En cuanto a la disposición de la Ley de Procedimiento Administrativo Uniforme sobre la autorización a los tribunales de revisar en todos sus aspectos las conclusiones de derecho de una agencia, el Tribunal Supremo, en Otero Mercado v. Toyota de Puerto Rico, supra, expresó que ello no implica que los tribunales revisores tienen la libertad absoluta para descartar libremente las conclusiones e interpretaciones de la agencia. El tribunal revisor deberá hacer una evaluación a la luz de la totalidad del expediente. Confrontado con un resultado distinto del obtenido por la agencia, el tribunal debe determinar si la divergencia responde a un ejercicio razonable de la discreción administrativa fundamentado, por ejemplo, en una pericia particular, en consideraciones de política pública, o en la apreciación de la prueba que tuvo ante su consideración. Nos dice el Tribunal Supremo que “el... tribunal podrá sustituir el criterio de la agencia por el propio sólo cuando no pueda hallar una base racional para explicar la decisión administrativa”. Otero Mercado v. Toyota de Puerto Rico, supra; Misión Ind. de P.R. v. J.P., supra.
El Tribunal resume la norma establecida en Otero Mercado v. Toyota de Puerto Rico, supra, de la siguiente manera:

“Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa, cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial, (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. La cuestión es si la determinación de la agencia es razonable y no si la agencia logró la determinación correcta del hecho o los hechos. ”

Recientemente, en P.C.M.E. Comercial, S.E. v. Junta de Calidad Ambiental, 2006 J.T.S. 7, el Tribunal expresó que los tribunales se abstendrán de avalar una decisión administrativa si la agencia: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. Reitera, además, que el criterio a aplicar no es si la decisión administrativa es la más razonable o la mejor, sino si la determinación de la agencia, en interpretación de los reglamentos y las leyes que le incumbe implantar, es una razonable.
De otro lado la Ley Núm. 10 de 30 de junio del991, 29 L.P.R.A. 146, dispone:

“Discrimen por razón de edad, raza, color, sexo, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas.

Todo patrono que despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios en su trabajo o que deje de emplear o rehúse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades y empleo o que afecten su status como empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, origen social o nacional, condición social, afiliación política, o ideas políticas o religiosas del empleado o solicitante de empleo...

*968
De igual modo, constituirá una práctica discriminatoria e incurrirá n la responsabilidad civil y penal antes expuesta, todo patrono que cometa cualquiera de los actos que se señalan en el primer párrafo de esta sección por razón de tratare de una persona casada con un empleado o empleada en su empresa o negocio. Esta disposición se aplicará tanto a aspirantes a empleo como a aquellas personas ya empleadas por el patrono que contraigan matrimonio entre sí.

No obstante lo dispuesto en el párrafo anterior, en aquellas situaciones en las cuales exista un claro conflicto de funciones por razón del vínculo matrimonial, que sustancialmente afecte adversamente al funcionamiento de la empresa, el patrono estará obligado a hacer un ajuste o acomodo razonable en las funciones de los empleados o aspirantes a empleo. Esta práctica será aplicable a empresas o negocios que tengan cincuenta (50) empleados o más.

Lo anterior debe hacerse de tal forma que no afecte el derecho del patrono a reglamentar razonablemente las condiciones de trabajo de matrimonios en el mismo departamento, división o facilidades físicas...”.

Examinemos a tenor de esta normativa los errores imputados a la decisión tomada por el Oficial Examinador.
III
Como cuestión de umbral, debemos destacar que con el presente recurso de revisión la recurrente acompañó los apéndices V - Organigramas Región Caguas, VII - Carta de reasignación del 1 de mayo de 2002, y X - Acciones de Personal de Miriam Díaz Agosto y Wilfredo Cintrón Oyóla. Los documentos antes mencionados no formaron parte de la prueba que se desfiló en la vista administrativa y, por tanto, no forman parte del expediente administrativo. Los mismos no fueron considerados para ninguna determinación tomada en el presente dictamen.
Mediante su primer señalamiento de error, la recurrente aduce que el Oficial Examinador erró al desestimar la querella bajo el fundamento de que la AEE había hecho un acomodo razonable. La recurrente arguye que ello era improcedente, en vista de que supuestamente no se desfiló prueba que estableciera que existía un conflicto de funciones, por razón del vínculo matrimonial, entre la plaza ocupada por ella y la plaza ocupada por su esposo.
Mediante su segundo señalamiento de error, la recurrente sostiene que el Oficial Examinador incidió al no dar mérito al supuesto hecho que a ella se le adjudicó la plaza en cuestión sin que en aquel entonces se señalara la existencia de conflicto alguno, como tampoco dio mérito al alegado hecho que la propia AEE, en un caso adjudicado a favor de la recurrente, argumentó que no había tal conflicto.
En su tercer señalamiento de error, la recurrente arguye que el Oficial Examinador erró al determinar que había un evidente conflicto potencial entre las plazas ocupadas por ella y por su esposo en la Región de Caguas. La recurrente contiende que la prueba desfilada no sostiene dicho conflicto y, además, que la ley no exige que se demuestre un potencial conflicto, sino un claro conflicto para que se proceda a hacer un acomodo razonable.
Por haber sido discutidos en conjunto por la recurrente en su recurso, igualmente habremos de considerarlos.
Los errores señalados por la recurrente van dirigidos a cuestionar que la AEE no presentó prueba en la vista en su fondo del caso para establecer el conflicto de intereses existente entre la recurrente y su esposo, el Ing. Burgos. Esto a pesar de que, a su juicio, en otro caso relacionado se determino, por otro Oficial Examinador, que no existía tal conflicto. No le asiste la razón.
En el caso de autos, las partes estipularon, entre otros hechos, que el Ing. Burgos tenía la responsabilidad de la supervisión directa de la Sección de Mediciones Eléctricas. Aunque su esposo no la supervisaba directamente, la plaza que ocupaba la recurrente se encontraba bajo la línea de autoridad de la que ocupaba su esposo. El Ing. Burgos era el supervisor directo del Ing. Carlos Bernard y éste a su vez supervisaba directamente a la recurrente, *969 quien como su secretaria, ocupaba el puesto de carrera de Secretaria Confidencial I.
De la minuta correspondiente a la vista en su fondo celebrada el 14 de julio de 2006 se desprende que la controversia en el caso quedó reducida “a la determinación de si cumplió la Autoridad de realizar un ajuste o acomodo razonable en el caso de la recurrente, ante el conflicto defunciones por razón de vínculo matrimonial entre la plaza por ella ocupada y aquella de su esposo ”. (Enfasis nuestro.)
Igualmente se desprende de la trascripción de la prueba oral que se incluyó como parte del Apéndice de la recurrente. Al comienzo de la vista, el Oficial Examinador hizo constar para el récord que “con estas estipulaciones queda centrada toda controversia a si la Autoridad descargó y cumplió con su obligación de proveer un ajuste o a su modo [sic] razonable para la dama querellante ante la situación del vínculo matrimonial entre ésta y su esposo por virtud de lo que dispone, obviamente, la Ley #10 del '99 [sic], particular la sección veintinueve LEPRA [sic], sección ciento cuarenta y seis que prohíbe discrimen en casos de unidad de trabajo de más de cincuenta empleados, pues obliga a un acomodo razonable por la que venía obligada la Autoridad”. De la propia Resolución recurrida, así se desprende también. (Enfasis nuestro.)
No surge del expediente que la recurrente levantara alguna objeción a esta determinación del Oficial Examinador previo a la celebración de la vista, ni durante el transcurso de la misma. Por lo tanto, la premisa de la cual partió el Oficial Examinador, a tenor con las estipulaciones vertidas para el récord, fue que existía un conflicto de intereses y que ello no estaba en controversia. Por ello, se redujo el desfile de prueba a aquélla que estaba relacionada con el acomodo razonable que proveyó la AEE, para así determinar si la reasignación ordenada por el Director Ejecutivo era el único acomodo posible o si estuvieron presentes otras alternativas. Si la recurrente no estaba de acuerdo con el curso que el Oficial Examinador dio al caso, tenía la obligación de así plantearlo y oponerse oportunamente. Según surge de la totalidad del expediente, no lo hizo.
Al tenor de ello, el Oficial Examinador, luego de escuchar y aquilatar la prueba presentada por las partes, determinó que el Director Ejecutivo de la AEE no abusó de su discreción al reasignar a la recurrente, en acomodo razonable, a un puesto de igual naturaleza y gradación en San Juan. Entre otras cosas, concluyó en su Resolución que el Ing. Vázquez actuó consciente de lo dispuesto en la sección 111.2 del Manual Administrativo de la AEE que dispone que “la Autoridad no autoriza que el cónyuge, los parientes dentro del cuarto grado de consaguinidad o segundo de afinidad laboren en un mismo departamento o en plazas que tengan estrecha relación entre sí. Cualquier excepción a esta norma debe llevarse a la consideración del Director Ejecutivo. ” Además concluyó que referido el asunto a éste, una vez determinada la existencia de un claro conflicto de intereses procedió, de conformidad con lo dispuesto en la Ley Núm. 10 de 1991, 29 L.P.R.A. 146, y adoptó en el ejercicio de sus prerrogativas gerenciales la acción de personal que es objeto de impugnación. En el proceso, y según ya determinado, reubicó a la recurrente en una plaza de igual naturaleza y gradación en San Juan. “Armonizó así el Director Ejecutivo los intereses de la Autoridad y la sana administración de su personal con aquéllos de la querellante, validándole sus derechos. De otra parte, ninguna prueba trajo la querellante sobre la existencia de plazas vacantes correspondientes a la por ella ocupada en propiedad fuera de la técnica de Caguas, donde se desempeñaba su esposo. En tales circunstancias, improcedente resulta intervener con tal ejercicio legítimo de las prerrogativas gerenciales y discreción del Director Ejecutivo, por tratarse de un juicio racional que está apoyado en criterios objetivos y de razonabilidad. ”
Examinada la Trascripción de la Prueba en su totalidad es obligatorio concluir que toda la prueba desfilada, tanto por la AEE como por la recurrente, estaba relacionada con la reasignación efectuada por el Director Ejecutivo y las posibles alternativas a la misma. Esto con el propósito expresado por el Oficial Examinador al comienzo de la vista, de poder determinar si cumplió la AEE en proveer un acomodo razonable tal como lo dispone la Ley 10, supra. La prueba sobre conflicto de intereses no fue ni tenía que ser presentada porque la existencia de tal conflicto no estaba en controversia.
*970 Por ello, tiene razón la recurrida, AEE, cuando nos señala que resulta improcedente que la recurrente plantee por primera vez como error, a nivel de apelación, asuntos que no se plantearon u objetaron en el foro recurrido. Los errores planteados por la recurrente están basados en unos hechos que no estuvieron en controversia durante la vista.
Con igual propósito, la recurrente nos pide que tomemos conocimiento de otra Resolución, emitida por otro Oficial Examinador en otro caso sobre impugnación de plaza, en la cual compareció como interventora. Nos indica que en dicha resolución se estableció que no había conflicto de intereses al nombrar a la recurrente al puesto que hoy ocupa. Este planteamiento tampoco se hizo a nivel de agencia y se pretende hacer por primera vez en apelación para impugnar (la existencia de conflicto de intereses) un hecho que no estaba en controversia, por haberse reducido ésta a determinar si hubo un acomodo razonable. Por ello es obligatorio concluir que los errores señalados no se cometieron.
Como es sabido, las decisiones de los organismos administrativos merecen gran deferencia y respeto por los tribunales. Comisionado de Seguros de P.R. v. Primelife Partners, Inc., 162 D.P.R. 334 (2004). Asimismo, las determinaciones de hechos de las agencias serán sostenidas por el tribunal si éstas se basan en evidencia sustancial que obra en el expediente administrativo. Rebollo Vda. de Liceaga v. Yiyi Motors, 161 D.P.R. 69 (2004). Examinada la totalidad del expediente ante nos, concluimos que la decisión del Oficial Examinador no fue arbitraria ni irrazonable y que la misma está sostenida por evidencia sustancial. En vista de ello, no se justifica nuestra intervención con tal determinación.
IV
Por los fundamentos antes expuestos, se confirma la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 37
1. Este hecho fue estipulado por las partes. Véase Minuta de 21 de julio de 2006, Apéndice de la Recurrida, pág. 1.
2. Véase Minuta de 21 de Julio de 2006, Apéndice de la Recurrida, pág. 1.
3. Véase Minuta, página 1, Apéndice de la Recurrida.
4. Véase página 22, Apéndice de la Recurrente.
5. Véase Trascripción, página 28, Apéndice de la Recurrente.
6. Véase Resolución, página 1, Apéndice de la Recurrente.
7. Véase Resolución, Apéndice de la Recurrente, pág. 157.